IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE CO., : | |
| : | CIVIL ACTION NO.  3:CV-04-2246 |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | (JUDGE CAPUTO) |
| CYNTHIA M. CALLAGHAN : | |
| I/A/D/B/A TOP OF THE : | |
| MOUNTAIN DAY CARE, ET AL., : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

Before me is Plaintiff Allstate Insurance Company's ("Allstate") Motion for Summary Judgment.  (Doc. 30.)  Allstate seeks declaratory judgment that it does not owe a duty to defend or indemnify Charles Callaghan, Cynthia Callaghan i/a/d/b/a Top of the Mountain Day Care Center and K.C. for claims made against them by Rodger Gehring, Lisa Gehring and P.G., a minor in a suit in the Court of Common Pleas of Schuylkill County, Pennsylvania.  (Doc. 30 ¶ 1.)

The Defendants apparently concede that the Plaintiff is under no obligation to defend Cynthia Callaghan i/a/d/b/a Top of the Mountain Day Care.  (Doc. 40.)  Defendants do persist in the contention that there is a duty to defend and indemnify Charles Callaghan and K.C., a minor.

Because the policy refers to Charles Callaghan and K.C. as "an insured" and because of the joint obligations clause, the business exclusion provision of the policy defeats coverage and the consequent duty of Plaintiff to defend and indemnify him and K.C..

**STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). A fact is material if proof of its existence or non-existence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59

(3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The court need not accept mere conclusory allegations or denials taken from the pleadings. *See Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**A.     Duty to Defend and Indemnify**

In Pennsylvania, the proper construction of an insurance policy is a matter of law, which a court may properly resolve when ruling on a summary judgment motion. *Acceptance Ins. Co. v. Seybert*, 757 A.2d 380, 382 (Pa. Super. Ct. 2000); *Fisher v. Harleysville Ins. Co.*, 621 A.2d 158 (Pa. Super. Ct. 1993). An insurer's duty to defend the insured is determined by the factual allegations of the underlying complaint. *Gen. Accident Ins. Co. of Am. v. Allen,* 708 A.2d 828, 830 (Pa. Super. Ct. 1998). The insurer is obligated to defend if the factual allegations of the underlying complaint, on its face, state a claim that would actually or potentially fall within the policy's coverage if the allegations were true. *American State Ins. Co. v. Maryland Cas. Co.*, 170, 183, 628 A.2d 880, 887 (Pa. Super. Ct. 1993); *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 953 (Pa. Sup. Ct. 1992). "While an insurer is not required to defend an insured in every claim brought against it, an

3

insurer must defend in any suit in which there exists actual or potential coverage." *Seybert*, 757 A.2d at 382 (citing *Moorhead*, 578 A.2d at 494).

The underlying complaint filed in the Court of Common Pleas of Schuylkill County[1] contains fifteen counts. The Complaint concerns deviate sexual behavior on the part of the Callaghan's minor son, K.C., against the Gehring's minor son, P.G., while P.G. was being cared for at Mrs. Callaghan's day care center known as Top of the Mountain Day Care. Count II contains allegations that Charles Callaghan was negligent and careless in his supervision of his minor son, K.C., while K.C. was around others. (Doc. 32, Ex.1 at 19, ¶ 17). Count VII makes the same allegation *vis a vis* the victim minor, P.G.. (*Id*. at 27,¶ 51.) Count VIII alleges that Charles Callaghan negligently inflicted emotional distress upon the minor victim, P.G. .

In interpreting an insurance policy, a court must determine the parties' intent as manifested by the language of the written agreement. *Madison Const. Co. v. Harleysville Mut, Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). Plaintiff bears the burden of demonstrating that the policy's exclusion encompasses the underlying complaint. *Nationwide Mut. Ins. Co. v. Yaeger*, 1994 WL 447405 at *1 (E.D. Pa. 1994); *Britamco Underwriters Inc. v. O'Hagan*, 1994 WL 477551 at *3 (E.D. Pa. 1994). While ambiguous contract policies are construed against the insurer who drafted the contract, *Miller v. Boston Ins. Co.*, 218 A.2d 275, 277 (Pa. 1966), if the language is clear and unambiguous, the court is required to give effect to that language and give the words their natural meaning. *First Oak Brook Corp. Syndicate v. Comly Holding Corp.*, 93 F.3d 92, 94 (3d Cir. 1996); *Ricco v. American*

---

[1] It is the Second Amended Complaint filed to Docket No. S-911-2004. (Doc.32, Ex.1.)

*Republic Ins. Co.,* 705 A.2d 422, 426 (Pa. 1997); *Paylor v. Hartford Ins. Co.*, 640 A.2d 1234 (1994) (citations omitted).  Courts should not distort the meaning of the language of a policy in order to create an ambiguity and coverage where none existed.  *Sphere Drake, P.L.C. v. 101 Variety Inc.*, 35 F. Supp.2d 421, 427 (E.D. Pa. 1999); *Madison,*735 A.2d at 106.

Allstate issued Deluxe Plus Homeowners Policy No. 098146779 to Charles L. and Cynthia Callaghan at 528 Mountain Road, Tamaqua, PA ("Policy").

The following are relevant sections from the Policy:

> **"You"** or **"your"** - means the person named on the Policy Declarations as the insured and that person's resident spouse.
>
> **"Insured person(s)"** - means **you** and, if a resident of **your** household:
>    (a) any relative; and,
>    (b) any dependent person in **your** care.
>
> **"Bodily Injury"** - means physical harm to the body, including sickness or disease, and resulting death, except that bodily injury does not include:
> (a) any venereal disease;
>
> **"Business"** - means
>
>    a)  any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes.  The providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is also a **business.**
>
>    However, the mutual exchange of home day care services is not considered a **business;**
>
> **"Occurrence"** - means an accident, including continuous or repeated exposure to substantially the same general

> harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.
>
> The Insuring Agreement includes the following language:
>
> The terms of this policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.
>
> The terms of this policy impose joint obligations on persons identified as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person as an **insured person**.

(Doc. 32, Ex.2 at 62-63.)

> Section II - Family Liability, Coverage X includes the following exclusions:
>
> Losses We Do Not Cover Under Coverage X:
>
> 1.   **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result, from the intentional or criminal acts or omissions of any **insured person**. This exclusion applies even if:
>
>       a) such **insured person** lacks the mental capacity to govern his or her conduct;
>
>       b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
>
>       c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such

> **insured person** is actually charged with, or convicted of a crime.
>
> 13.   We do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities or an **insured person**.
>
> We do cover the occasional or part-time **business** activities or an **insured person** who is a student under 21 years or age.

(*Id.* at 82-83.)

In order to determine whether Plaintiff has a duty to defend, the terms of the insurance policy must first be compared to the nature of the allegations of the underlying complaints to determine whether, if the allegations are true, Plaintiff would be obligated to incur the expense of the judgement. *Id.*; *Gene's Rest. v. Nationwide Ins.,* 548 A.2d 246, 247 (Pa. Super. Ct. 1988); *Britamco Underwriters, Inc. v. Grzeskiewicz*, 639 A.2d 1208, 1210 (Pa. Super. Ct. 1994); *Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 651 (Pa. Super. Ct. 1994).  Where a claim may potentially come within the scope of the policy, an insurer's refusal to defend the insured is a decision it makes at its own peril; the duty to defend remains with the insurer until it is clear that the claim has been narrowed to one beyond the terms of the policy. *Weiner*, 636 A.2d at 651.  However, if there is no possibility that any of the underlying claims of the complaint could be covered by the policy, then the insurer has no duty to defend. *Germantown Ins. Co. v. Martin*, 595 A.2d 1172, 1175 (Pa. Super. Ct. 1991).

As the insurer's obligation to defend is measured solely by the factual allegations in the underlying complaints, *Gene's Restaurant*, 548 A.2d at 247, it is unnecessary for the Court to wait until the factual record is developed or the underlying complaints are resolved

7

in state court before ruling in Plaintiff's motion for summary judgment. Moreover, this duty to defend is triggered even if the complaint against the insured is "groundless, false, or fraudulent." *Gideon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 321 (Pa. Super. Ct. 1963). It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend. *D'Auria v. Zurich Ins. Co.*, 507 A.2d 857, 859 (Pa. Super. Ct. 1986).

Under Pennsylvania law, the duty to defend an insured is distinct from, and broader than, the duty to indemnify. *Snyder Heating Co. v. Pennsylvania Mnfr. Ass'n Ins. Co.*, 715 A.2d 483, 491 (Pa. Super. Ct.1998); *Aetna Cas. & Surety Co. v. Roe*, 650 A.2d 94, 98 (Pa. Super. Ct. 1994). The duty to defend is based on the allegations in the complaint. However, the duty to indemnify is based on actual liability, and arises only when the insured is found liable for damages covered within the policy. *Britamco Underwriters, Inc. v. Stokes*, 881 F. Supp. 196, 198 (E.D. Pa. 1995) (citations omitted).

Since the Defendants concede that there is no duty to defend or indemnify Cynthia Callaghan i/a/d/b/a Top of the Mountain Day Care (Doc. 40 ¶21), the only remaining issue is whether there is a duty to defend or indemnify Charles Callaghan and K.C..

**B.   Exclusions**

   *1.   Business Activities*

Allstate contends that the business activities exclusion reaches Charles Callaghan and K.C. and points to the following policy language:

> The terms of this policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the

8

>>responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.
>
>>The terms of this policy impose joint obligations on persons identified as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person as an **insured person**.

(Doc. 32, Ex.1 at 64.)

As previously noted, the Policy excludes from coverage "**bodily injury** or **property damage** arising out of the past or present **business** activities or an **insured person**." Additionally, the Policy excludes from coverage "the occasional or part-time **business** activities or an **insured person** who is a student under 21 years of age." (Doc. 32, Ex. 2 at 82-83) (emphasis in original).

Allstate argues that Charles along with Cynthia fall within the definition of **you**, and that Charles, Cynthia and K.C. fall within the definition of an **insured person** under the policy. (*Id.*) (emphasis in original). Charles is a named insured under the Policy and K.C. is a resident of the household and a dependent person in the Callaghans, the insureds, care.

"Whether the intentional acts of a co-insured will defeat an 'innocent' co-insured's ability to collect or be indemnified under a policy has, for the most part, turned upon the exclusionary language used in the policy." *Gen. Accident Ins. Co. v. Allen*, 708 A.2d 828, 832 (Pa. Super. Ct. 1998). Where the policy contains language which "unambiguously" excludes coverage to the innocent co-insured who didn't intend the damage or injury, then the language excludes coverage to such innocent co-insured. *Id.*

The words "any insured" or "anyone we protect" have been held to bar coverage to

the innocent co-insured on the basis that language obviates the expectation the innocent co-insured has concerning policy coverage. *Id.* The words "the insured" have been held to require that the act in question be intended by the insured in question; not another insured. *Id.*

In the instant case, the exclusionary language in all respects refers to "an insured." The *Allen* court has described the phrase "an insured" less clear than "the insured" or "any insured." *Id*. The court does say that "an insured" has generally been construed to equate to "any insured." *Id*. ("Less clear is the usage of 'an insured,' although generally this phrase has been construed to equate to 'any insured.'"). Thus, coverage is excluded for insured persons Charles Callaghan and K.C..

*McAllister v. Millville Mut. Ins. Co.* addressed the status of "an insured" and concluded that the phrase used in an exclusion indicates joint insurable interests and bars recovery to the innocent co-insured. 640 A.2d 1283, 1289 (Pa. Super. Ct. 1994) ("The use of the terms 'any' and 'an' in the exclusions clearly indicate that the insureds' obligations under the policy's neglect and intentional provisions are joint, not several.") Therefore, insured persons Charles Callaghan and K.C. are excluded from coverage.

There is additional support for the lack of expectation of coverage on the part of Charles Callaghan and K.C. in this circumstance. The policy clearly imposes "joint obligations . . . on the person named on the Policy Declarations as the insured . . . These persons are defined as **you** and **your**. This means that the responsibilities, acts or omissions of a person defined as **you** or **your** will be binding on any other person defined as **you** or **your**." (Doc. 32, Ex. 1 at 64) (emphasis in original). The policy declarations page names both Cynthia and Charles as insureds. Same joint obligations apply to "persons

defined as an **insured person**." (*Id.*) (emphasis in original). As a resident and a dependent of the insureds, K.C. is considered to be an insured person according to the Policy definition.

I conclude that the use of the phrase "an insured" in the exclusion for bodily injury "arising out of the . . . business activities of an insured person", coupled with the joint obligation language noted above, excludes coverage of Charles Callaghan and K.C. under the policy for the claims made in the Schuylkill County action.

### 2.     *Punitive Damages*

Counsel has pointed to no Policy language that covers punitive damages, and I have found none in my review of the Policy. Therefore, the punitive damages sought against each of the Defendants is not covered by the Policy. Even where the policy does not specifically exclude punitive damages, public policy does not permit Defendants to shift the burden of punitive damages to their insurer. *See Esmond v. Liscio*, 224 A.2d 793, 799 (Pa. 1966). Under Pennsylvania law, punitive damages may be awarded for outrageous conduct based on the individuals evil motive or reckless indifference to the rights of others. *Creed v. Allstate Ins. Co.*, 529 A.2d 10, 12 (Pa. Super. Ct. 1987); RESTATEMENT (SECOND) OF TORTS, § 908(2). Thus, punitive damages must be based on conduct which is "malicious, wanton, reckless, willful or oppressive." *Id.* (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

Since a claim for punitive damages is designed to punish an individual litigant for misconduct, the damages are intended to punish the actor rather than compensate the victim. *Creed*, 529 A.2d at 12. Therefore, an insurer has no duty to defend or indemnify on a punitive damages claim. *Id.*; *Esmond*, 224 A.2d at 798.

### 3.     *Breach of Contract*

There are two policy exclusions which address bodily injury relative to contract

performance. They are:

> 12. We do not cover bodily injury . . . arising out of the rendering of, or failure to render professional services by an insured person.
>
> 16. We do not cover any liability an insured person assumes arising out of any contract or agreement.

(Doc. 32, Ex.2 at 83.)

It is clear therefore that claims for breach of contact are excluded from coverage under the foregoing policy language and Plaintiff has no duty to defend or indemnify Charles Callaghan and K.C..

### 4.     *Criminal Acts*

The second amended complaint in the underlying action includes a claim against Cynthia Callaghan based upon violations of Pennsylvania crime of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a). It is agreed that Cynthia Callaghan was convicted of the charge of endangering the welfare of children with respect to the conduct of minor K.C. against minor P.G..

The offense of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a) is as follows:

> (a) Offense Defined: A parent, guardian or other person supervising the welfare of a child under 18 years of age commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

The policy contains the following language:

1. We do not cover any bodily injury . . . intended by or which may reasonably be expected to result, from the intentional or criminal acts or omissions of any insured person.

(Doc. 32, Ex.2 at 82.)

It is clear that given the conviction of Cynthia Callaghan, the exclusion applies to defeat coverage in this circumstance. Therefore, Plaintiff has no duty to defend or indemnify Charles Callaghan and K.C..

## **CONCLUSION**

For the foregoing reason, Plaintiff's Motion for Summary Judgment (Doc. 30) will be granted.

An appropriate order follows.


June 7, 2006                                        s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE CO., : | |
| : | CIVIL ACTION NO.   3:CV-04-2246 |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | (JUDGE CAPUTO) |
| CYNTHIA M. CALLAGHAN : | |
| I/A/D/B/A TOP OF THE : | |
| MOUNTAIN DAY CARE, ET AL., : | |
| : | |
| Defendant. : | |

## **ORDER**

NOW, this 7th day of June, 2006, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 30) is hereby **GRANTED** and Judgment is entered in favor of the Plaintiff declaring that there is no duty to defend and no duty to indemnify the Defendants with respect to the claim in Court of Common Pleas of Schuylkill County entered to Docket No. S-911-2004.

                                                            s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge